### In re KNIGHT'S ESTATE.

(*Supreme Court, Special Term, Erie County.* July, 1888.)

1. TRUSTS—LIABILITY OF TRUSTEES—FAILURE TO INVEST FUND.
    At the time a trustee was appointed a sum of money was on deposit in bank to the credit of the estate. The trustee allowed the fund to remain on deposit, as an investment, for about two years, when the bank failed. There were no recurring demands on the estate which required the trustee to keep the money on deposit. *Held,* that the trustee was liable for the loss, especially where the order appointing him required that "said fund shall be securely invested by" the trustee.

2. SAME—UNAVOIDABLE LOSSES.
    The trustee, who was appointed in place of the executors of a will, is not exon-erated by a provision in the will under which he was appointed, declaring that the executors shall not be liable for unavoidable losses caused by insolvency of banks, since the loss in question resulted from his failure to obey the order appointing him trustee.

Motion to confirm referee's report.

*Tracy C. Becker,* for trustee.    *James C. Beecher,* for contestants.

DANIELS, J. The motion in this proceeding is made on behalf of the trus-tee to confirm the report of the referee, exonerating him from liability for the loss of the sum of $922.26, and interest thereon, by the failure of the First National Bank of Buffalo. The money was on deposit in that bank when the trustee was appointed under the will in place of the executors. He was so ap-pointed by an order made on June 16, 1880, and the bank failed April, 1882. There were no such recurring demands to be made upon the trustee in the trust as required the money to be continued on deposit in this manner for the purpose of meeting them, but it seems to have been left there by the trustee as an investment of the fund which he supposed himself to be authorized to make. But the law does not permit a trustee to deal with moneys in his hands in that capacity in this manner. He is, on the contrary, required to invest it in public stocks or securities by way of bond and mortgage, which will thereby insure the preservation of the fund for the parties entitled to its income, and finally to the payment of the principal. In the case of *Moyle* v. *Moyle,* 2 Russ. & M. 710, money was in this manner allowed to remain on deposit in the bank, which failed upwards of a year after the deposit was made, and the trustee had the control of the fund, and it was held there that the trustee was liable for the loss. It is true that other circumstances were in the case to some extent affecting the decision, but it is quite plain, never-

theless, that the trustee was held liable because of this unauthorized continuation of the deposit in the bank. In the case of *Darke* v. *Martyn*, 1 Beav. 525, the banker failed in less than a year after the deposit was made; and, as there was no occasion for keeping the money on deposit in that manner to meet recurring demands to be satisfied out of the fund, the trustee was held liable for the loss. In these respects the case is quite apposite to the one now to be decided. In *Johnson* v. *Newton*, 11 Hare, 169, the executors were using the money deposited. There was a necessity, accordingly, for continuing the deposit, and they were held not to be liable for its loss, where the banker failed after the expiration of about nine months. Not only is the trustee liable under the rule maintained by these authorities, but that liability also results from the direction given to him concerning this fund by the order under which he was appointed; for, after paying the expenses of the proceedings, the order directed that "the said fund shall be securely invested by the said James F. Hurd, as trustee, and held subject to the provisions of the said last will and testament of Samuel W. Knight, deceased." This direction the trustee failed to comply with. If he had obeyed it, then the fund, by being securely invested, would not have been jeopardized or lost by the insolvency of the bank, but it would have been preserved for the benefit of those entitled to it under the provisions of the testator's will.

The trustee cannot be exonerated from liability under the clause in the testator's will declaring that the executors shall not be held responsible for the unavoidable loss of any property or money by insolvency of banks, for this was not an unavoidable loss by reason of the insolvency of a bank. It was a loss arising out of the failure of the trustee to invest the fund as he was directed to do by the order. If that had been done, the loss would have been avoided, although the bank in which the deposit stood at the time of the appointment of the trustee failed in April, 1882. The will did not authorize or direct a continuation of the money on deposit in banking institutions, but declared no more than the law by its authorities has sanctioned, that where money may be deposited with a banking institution in good credit, the deposit may be continued for so long a period as will enable the trustee, in the use of ordinary diligence, to obtain its secure and proper investment, or the exigencies of the estate may require. But where he fails by his neglect within a reasonable time to secure investments, and allows the money still to remain on deposit, and it is thereby lost, the law charges the trustee with the loss. The exceptions filed to the report of the referee will, consequently, be sustained, and the trustee directed to account for and pay over to another trustee, to be appointed in this proceeding, this amount, as well as any residue of the fund still remaining in his hands, under his appointment, but no costs of the application will be allowed against him.